#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| SUZIE B. WILSON, INDIVIDUALLY AND AS TRUSTEE OF THE MICHAEL J. WILSON DISCRETIONARY (GST EXEMPT) TRUST, THE MATTHEW D. WILSON DISCRETIONARY (GST EXEMPT) TRUST, THE MITCHELL G. WILSON DISCRETIONARY (GST EXEMPT) TRUST AND THE NICOLE S. WILSON DISCRETIONARY (GST EXEMPT) TRUST, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) Case No. |
| v. | ) ) |
| SANDRA L. NORMAN, | ) ) |
| Defendant. | ) ) |

### COMPLAINT

Plaintiff, Suzie B. Wilson ("Suzie"), Individually and as Trustee of the Michael J. Wilson Discretionary (GST Exempt) Trust (the "Michael Trust"), the Matthew D. Wilson Discretionary (GST Exempt) Trust (the "Matthew Trust"), the Mitchell G. Wilson Discretionary (GST Exempt) Trust (the "Mitchell Trust") and the Nicole S. Wilson Discretionary (GST Exempt) Trust (the "Nicole Trust"), by and through her attorney, for her Complaint against Defendant, Sandra L. Norman ("Sandra"), alleges as follows:

### PARTIES

1. Suzie is a resident of Northbrook, Illinois. She is the trustee of the Michael Trust, the Matthew Trust, the Mitchell Trust and the Nicole Trust. Those Trusts were created pursuant to Article V of the Declaration of Trust Establishing Adia W. Wilson Revocable Trust (the "Adia Trust"), which was signed on September 13, 2002.

2. Sandra is a resident of North Augusta, South Carolina.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

## FACTS COMMON TO ALL COUNTS

### The Wilson Family and Their Trusts

5. Suzie is the widow of Michael J. Wilson ("Michael"), who died on March 16, 2018. Suzie and Michael had three children, Matthew D. Wilson, Mitchell G. Wilson and Nicole S. Wilson (collectively, "Michael's Children").

6. Sandra, Donna J. Wajda ("Donna") and Michael were the children of Millard S. Wilson ("Millard") and Adia W. Wilson ("Adia"). Millard died on November 4, 2000. Adia died on April 21, 2009.

7. Millard's Will, among other things, created a "Credit Shelter Trust" for Adia's benefit. It named Adia and Michael as co-trustees of the Credit Shelter Trust. Upon Adia's death, the Credit Shelter Trust was distributed in equal shares to Sandra, Michael and a trust for Donna's benefit (the "Donna Testamentary Trust"). Millard's Will named Michael as the trustee of the Donna Testamentary Trust. It also named Northern Trust Bank of Florida, N.A., in Sarasota Florida, as the successor trustee of the Donna Testamentary Trust.

8. Adia was the initial trustee of the Adia Trust, and Michael was named as her successor.

### The Michael Trust

9. When Adia died, Article V, Section 1 of her Trust required the remaining trust estate to be distributed equally to Sandra, Donna and Michael. Donna's share was to be held in trust for her (the "Donna Trust"), and subject to different provisions of the Adia Trust than the shares distributed to Sandra and Michael. The shares distributed to Sandra and Michael were to be held in separate "Discretionary Trusts" pursuant to the provisions of Article V of the Adia Trust.

10. Thus, after Adia's death, her trust was distributed in equal shares to the Sandra L. Norman Discretionary (GST Exempt) Trust (the "Sandra Trust"), the Donna Trust and the Michael Trust. The Adia Trust named Michael as the trustee of the Donna Trust.

11. Article VII, Section 6 of the Adia Trust required Sandra and Michael to be co-trustees of their own trusts, along with a person they designated to be the other co-trustee. One of the attorneys handling Adia's estate prepared "Designation and Acceptance of Trustees" forms for the Sandra and Michael Trusts. The Designation for Sandra's Trust named Sandra and Michael as co-trustees. The Designation for Michael's Trust named Michael and John S. Koren ("Koren") as co-trustees (the "2009 Designation for the Michael Trust"). Michael and Koren signed the 2009 Designation for the Michael Trust on October 29, 2009.

### The Merrill Lynch Accounts

12. Prior to her death, Adia maintained several accounts at Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), including accounts for an inherited IRA, the Adia Trust and the Donna Testamentary Trust. Those accounts were managed by financial advisors in Merrill Lynch's Lake Forest, Illinois office.

13. Michael also maintained several accounts at Merrill Lynch, including accounts for the Michael Trust (the "Michael Trust Account"), a joint investment account with Suzie (the "Joint Account"), an IRA inherited from Adia and his own retirement accounts. Those accounts were all managed by financial advisors in Merrill Lynch's Lake Forest, Illinois office.

14. Michael and Suzie also had a line of credit with Merrill Lynch, which was secured by the assets of their Joint Account and the Michael Trust Account (the "Merrill Lynch Line of Credit").

15. On information and belief, Sandra also maintained accounts at Merrill Lynch which were managed by financial advisors in Merrill Lynch's Lake Forest, Illinois

3

office, including but not limited to accounts for an IRA inherited from Adia and for the Sandra Trust.

16. Certain Merrill Lynch accounts owned or managed by Michael, including but not limited to the Michael Trust Account and the Joint Account, were enrolled in the "Merrill Lynch Investment Advisory Program." Under that program, Merrill Lynch advisors had the discretion to make investment decisions to "buy, sell and trade" for the accounts. They were fiduciaries with respect to those accounts because of the discretion they had to make those investment decisions.

### Sandra Takes Over After Michael's Death

17. Shortly after Michael's death, Sandra obtained access to some or all of the Merrill Lynch accounts that Michael had maintained either as trustee or in his individual capacity. On information and belief, Sandra also obtained electronic access to some or all of these accounts, including the Michael Trust Account and other accounts owned or controlled by Suzie.

18. When Michael died, Article V, Section 3(a) of the Adia Trust required the "then remaining trust estate" of the Michael Trust to be distributed "per stirpes to the then living descendants of [Michael]." Thus, when Michael died, the Michael Trust was to be distributed to Michael's Children. Article V, Section 4(b) of Adia Trust, however, required the distribution to be held in trust as individual "Discretionary Trusts" for each of them. The Matthew Trust, the Mitchell Trust and the Nicole Trust (collectively, the "Children's Trusts") were created pursuant to this provision.

19. Sandra was aware of the requirement of Article VII, Section 6 of the Adia Trust that had required her and Michael to designate co-trustees of their own trusts, and was aware that Michael had complied with this requirement.

20. After Michael's death, Koren became the sole trustee of the Michael Trust. He also became the trustee of the Children's Trusts.

21. Article VII, Section 8 of the Adia Trust contained a provision which would have made Sandra the trustee of the Michael Trust and the Children's Trusts if there was

a vacancy in the trusteeship. Because Koren was the trustee of all of those Trusts after Michael's death, Article VII, Section 8 of the Adia Trust was inapplicable to them.

22. Article VII, Section 8 of the Adia Trust did, however, make Sandra the trustee of the Donna Trust after Michael's death.

23. Like the Michael Trust, the Children's Trusts were subject to the provisions of Article V, Section 1 of the Adia Trust, which authorized the Trustee only "to distribute all or any part of the net income and/or principal of such trust to the beneficiary of such trust as the Trustee deems desirable for the best interests of said beneficiary."

24. On March 28, 2018, just twelve days after Michael's death, Sandra signed a Merrill Lynch "Trustee Certification Form," in which she falsely represented that she was the trustee of the Michael Trust (the "March 28, 2018 Trustee Certification Form"). As required by the Form, Sandra's signature was notarized.

25. On April 4, 2018, Sandra signed a second Merrill Lynch "Trustee Certification Form," in which she again falsely represented that she was the trustee of the Michael Trust (the "April 4, 2018 Trustee Certification Form"). As required by the Form, Sandra's signature was notarized.

26. On March 28, 2018 and April 4, 2018, Koren was the trustee of the Michael Trust.

27. After receiving Sandra's notarized Trustee Certification Forms, Merrill Lynch recognized her as the trustee of the Michael Trust.

28. Merrill Lynch had a fiduciary duty to use reasonable diligence, in regard to the opening and maintenance of every account, to know (and retain) the essential facts concerning every customer and concerning the authority of each person acting on behalf of such customer. The facts "essential" to "knowing the customer" include those required to (a) effectively service the customer's account, (b) act in accordance with any special handling instructions for the account, (c) understand the authority of each person acting on behalf of the customer, and (d) comply with applicable laws, regulations, and rules.

29. Merrill Lynch breached that duty by failing to use reasonable diligence to know the facts concerning the identity of the trustee of the Michael Trust as well as Sandra's authority to act on behalf of the Michael Trust, the Children's Trusts, Michael and Suzie.

30. Between April 19, 2018 and April 27, 2018, $227,104.85 worth of securities in the Michael Trust Account were sold. As a result of those sales, Michael's Trust realized $31,853.32 in capital gains.

31. On information and belief, Sandra was consulted about, directed and/or approved of the sales of securities in the Michael Trust Account, but Koren and Suzie were not.

32. On or about April 30, 2018, without authority from the trustee of the Michael Trust, $189,487.44 was transferred from the Michael Trust Account to the Merrill Lynch Line of Credit to pay it off. On information and belief, Sandra was consulted about this transfer, directed it and/or authorized it.

33. In addition to being unauthorized by the trustee of the Michael Trust and the Children's Trusts, the payment to the Merrill Lynch Line of Credit violated Article V, Section 1 of the Adia Trust, which required the trusts to be distributed only for the benefit of Michael's Children. It also violated the Spendthrift Provision contained in Article XIII of the Adia Trust.

34. On April 30, 2018, the Joint Account had more than enough assets to pay off the Merrill Lynch Line of Credit in its entirety, and Suzie also had other assets she could have used to pay off or refinance the Merrill Lynch Line of Credit.

35. On July 25, 2018, Sandra and her daughter, Marissa Norman ("Marissa") signed a Merrill Lynch "Trustee Certification Form," in which they falsely represented that they were the co-trustees of the Michael Trust (the "July 25, 2018 Trustee Certification Form"). As required by the Form, Sandra and Marissa's signatures were notarized.

36. On July 25, 2018, Koren was the trustee of the Michael Trust.

37. After receiving Sandra and Marissa's notarized Trustee Certification Form, Merrill Lynch recognized them as the co-trustees of the Michael Trust.

38. Merrill Lynch had a fiduciary duty to use reasonable diligence to know (and retain) the essential facts concerning the Michael Trust and concerning the authority of each person acting on behalf of it. Merrill Lynch breached that duty by failing to use reasonable diligence to know the facts concerning the identity of the trustee of the Michael Trust and Sandra and Marissa's authority to act on behalf of the Michael Trust.

39. From the time Sandra assumed control of the Michael Trust Account through the end of 2018, it sold multiple securities and received more than $250,000.00 in proceeds from those sales. Michael's Trust realized capital gains from those sales.

40. During the time that Sandra purported to act as Trustee for the Michael Trust, she made no distributions for the benefit of Michael's Children. She did not attempt to distribute the remaining trust estate of Michael's Trust to the Children's Trusts as required by the terms of the Adia Trust.

### Suzie Becomes Trustee of the Michael Trust

41. Sometime prior to January 11, 2019, Suzie learned that Sandra was improperly acting as the trustee of the Michael Trust. By January 14, 2019, Suzie informed both Sandra and Merrill Lynch that Sandra was not the trustee of the Michael Trust.

42. Merrill Lynch informed Suzie that Sandra had to be the trustee of the Michael Trust and that Suzie could not act as the trustee of that Trust. By January 21, 2019, Suzie informed Merrill Lynch that Koren was the trustee of the Michael Trust and provided Merrill Lynch with a copy of the 2009 Designation for the Michael Trust.

43. Article VII, Section 13 of the Adia Trust prohibited the spouse of a beneficiary from acting as the trustee of any trust for that beneficiary. Although this provision prohibited Suzie from acting as a trustee of the Michael Trust while Michael was alive, it did not prohibit her from acting as trustee once her children became the beneficiaries of the Trust and the Children's Trusts.

44. Section 2 of Article VII of the Adia Trust authorized the trustee of the Michael Trust and the Children's Trusts to establish a plan of successor trustees for them.

45. On February 7, 2019, Koren and Suzie executed a "DESIGNATION AND ACCEPTANCE OF CO-TRUSTEE" for the Michael Trust, which named Suzie as co-trustee of the Trust (the "2019 Designation for the Michael Trust"). On the same day, Koren and Suzie executed a "RESIGNATION OF CO-TRUSTEE" for the Michael Trust, through which Koren resigned as co-trustee of the Trust. Thus, from February 7, 2019 onward, Suzie has been the sole trustee of the Michael Trust.

46. On February 8, 2019, Suzie provided Merrill Lynch with copies of the 2019 Designation for the Michael Trust and the "RESIGNATION OF CO-TRUSTEE" for the Michael Trust signed the day before, and instructed that the Michael Trust Account at Merrill Lynch be transferred to Wells Fargo Advisors. Suzie also instructed Merrill Lynch to "stop any and all work" on the Account.

47. On February 19, 2019, Suzie received an email from a Merrill Lynch representative which stated, in part: "As I have previously indicated, Merrill Lynch is passive custodian of the assets. We cannot make the decision as to dispute settlements between parties."

48. Relying upon language in Merrill Lynch's Trustee Certification Form, the email recited that "Merrill Lynch may, but is not obligated to, restrict activity in the trust account, require that all instructions be in writing signed by all trustees, suspend or terminate the account and/or file an interpleader action in an appropriate court at the expense of the trust." It stated the Michael Trust Account "still remains frozen due to the disagreement between yourself and Sandra Norman as to who the current trustee should be for the Michael Wilson GST by Adia Wilson UAD 9/13/02."

49. The email continued:

I have been in contact with Mrs. Norman and her counsel pertaining to this matter. I have advised them of the documents you sent signed by Mr. John Koren both assigning you as co-trustee and his letter of resignation as trustee. They are reviewing this information as it pertains to the trust. I have advised them both that I need written confirmation from Mrs. Norman

8

deferring to the documents you have provided to begin the process of updating the trustee on the account should they agree with your ascertations [sic], due to the initial dispute over the naming of the successor trustee.

50. Merrill Lynch had a fiduciary duty to use reasonable diligence to know (and retain) the essential facts concerning the Michael Trust and concerning the authority of each person acting on behalf of it. Merrill Lynch breached that duty by failing to use reasonable diligence to know the facts concerning the identity of the trustee of the Michael Trust and Sandra's authority to act on behalf of the Michael Trust, the Children's Trusts, Michael and Suzie. Instead, it characterized itself as a "passive custodian of the assets" and required "written confirmation" from Sandra that Suzie was the trustee of the Michael Trust.

51. On February 27, 2019, counsel for Suzie sent a letter to counsel for Sandra requesting that Sandra sign a confirmation that Suzie was the trustee the Michael Trust.

52. On March 1, 2019, Sandra's counsel responded to the letter sent by Suzie's counsel. Notably, counsel's letter did not claim that Sandra was the trustee of the Michael Trust or address the fact that she had purported to act as such for nearly a year. Sandra's counsel acknowledged that Michael had signed the 2009 Designation for the Michael Trust which made Koren co-trustee, but questioned Koren's designation of Suzie as his co-trustee in the 2019 Designation for the Michael Trust:

> There is no reference to any authority, or any proof of, the authority of John Koren to appoint any Trustee, either under a provision of the Master Trust, or under applicable Illinois law. Unless and until we have definitive proof that John Koren has the authority to make this appointment in the manner that was used, we cannot agree that Suzie Wilson is Trustee of either the Michael Trust or the Descendants Trusts derived from the Michael Trust.

53. Sandra's attorney concluded her letter by reciting that she would not recommend that Sandra sign a proposed acknowledgment that Suzie was the trustee of the Michael Trust, but that she would "certainly reconsider my position" if Suzie's counsel provided her "with a formal legal opinion" concerning the effectiveness of the 2019 Designation for the Michael Trust. As an alternative, she concluded, "we have no objection to a proceeding in the appropriate local court to conclusively determine this issue."

9

54. Despite the "freeze" on the Michael Trust Account and Suzie's instruction that Merrill Lynch "stop any and all work," transactions continued to be made in that Account after February 19, 2019.

55. On or about May 17, 2019, Sandra caused Merrill Lynch to change the address for the account for Donna's Testamentary Trust from the address of Michael's residence in Northbrook, Illinois to the address of Sandra's residence in North Augusta, South Carolina. At the time, Merrill Lynch's statements for that account still showed Adia and Michael as the trustees of Donna's Testamentary Trust.

56. On May 17, 2019, pursuant to the terms of Millard's Will, Northern Trust Bank of Florida, N.A., in Sarasota Florida, was the successor trustee of the Donna Testamentary Trust, not Sandra.

57. On July 14, 2019, after several additional letters from Suzie's attorney in June of 2019 which offered legal opinions about the efficacy of the 2019 Designation and also threatened litigation, Sandra finally countersigned the February 27, 2019 letter from Suzie's counsel and acknowledged that Suzie was the Trustee of the Michael Trust.

58. Thereafter, Merrill Lynch finally recognized Suzie as the trustee of the Michael Trust. She then transferred all of her accounts from Merrill Lynch to Wells Fargo Advisors.

59. As a result of Sandra's interference with the accounts Suzie had maintained at Merrill Lynch, including but not limited to the Michael Trust Account, Suzie did not have timely access to account statements and tax forms. This caused a delay in preparing tax returns for the Michael Trust and tax liability assessed by the Internal Revenue Service.

60. Suzie was also harmed and delayed in making investment decisions for the Michael Trust while Sandra purported to act as its trustee, while Merrill Lynch "froze" the Michael Trust Account and when Merrill Lynch failed to transfer that Account to Wells Fargo Advisors pursuant to her direction.

61. Suzie was additionally harmed and delayed in making estate planning decisions for herself and her children by Sandra's usurpation of control over the Michael Trust and her use of funds from that Trust, which were her children's inheritance, to pay off a debt of hers, the Merrill Lynch Line of Credit.

## COUNT I
## Fraud

62. Plaintiff realleges Paragraphs 1 through 61 as if fully set out herein.

63. On numerous occasions, Sandra falsely represented to Merrill Lynch that she was the trustee of the Michael Trust and had authority to review and make decisions concerning other accounts at Merrill Lynch held or controlled by Suzie. Those representations include, but are not limited to:

    a. the March 28, 2018 Trustee Certification Form;

    b. the April 4, 2018 Trustee Certification Form; and

    c. the July 25, 2018 Trustee Certification Form.

64. Those representations were material, as they directly related to the identity of the trustee of the Michael Trust and Sandy's authority to act on Suzie's behalf.

65. At the time she made those representations, Sandra knew that she was not the trustee of the Michael Trust and that she had no authority to act on Suzie's behalf.

66. In making those representations, Sandra's intent was to induce Merrill Lynch, Suzie and Michael's Children to recognize her as trustee of Michael's Trust and as having authority to act on Suzie's behalf.

67. Merrill Lynch relied upon the truth of Sandra's statements and recognized Sandra as trustee of Michael's Trust and as having authority to act on Suzie's behalf.

68. Suzie, the Michael Trust and the Children's Trusts were damaged by Merrill Lynch's reliance upon Sandra's misrepresentations. Such damages include, but are not limited to, the payment of the Merrill Lynch Line of Credit from the assets of the Michael Trust and the delay in Merrill Lynch recognizing Suzie as trustee of the Trust.

69. Suzie, the Michael Trust and the Children's Trusts were also damaged by not having timely access to account statements and tax forms and delays in making investment decisions for the Michael Trust.

70. Suzie, the Michael Trust and the Children's Trusts are entitled to punitive damages from Sandra because her false representations were wantonly and designedly made, involved the violation of duty springing from a relation of trust or confidence, the fraud was gross, or this case presents other extraordinary or exceptional circumstances clearly showing malice and willfulness.

WHEREFORE, Plaintiff, Suzie B. Wilson, Individually and as Trustee of the Michael J. Wilson Discretionary (GST Exempt) Trust, the Matthew D. Wilson Discretionary (GST Exempt) Trust, the Mitchell G. Wilson Discretionary (GST Exempt) Trust and the Nicole S. Wilson Discretionary (GST Exempt) Trust, prays that this Honorable Court enter judgment in her favor and against Defendant, Sandra L. Norman, for damages to be determined at trial, plus punitive damages and such other and further relief as this Court may deem just and proper.

## COUNT II
### Tortious Interference with Contract

71. Plaintiff realleges Paragraphs 1 through 61 as if fully set out herein.

72. There were valid and enforceable contracts between Plaintiff and Merrill Lynch relating to the various accounts that she owned or controlled at Merrill Lynch, including but not limited to the Michael Trust Account, the Joint Account and the Merrill Lynch Line of Credit.

73. Those contracts required Merrill Lynch to use reasonable diligence to know (and retain) the essential facts concerning the owners of the Plaintiff's accounts and the authority of each person authorized to act on behalf of her.

74. Those contracts also required Merrill Lynch to follow the Plaintiff's instructions concerning her accounts, maintain the privacy and confidentiality of her accounts and to prevent unauthorized access to those accounts by others.

12

75. At all relevant times, Sandra was aware of the contractual relation between the Plaintiff and Merrill Lynch.

76. Sandra intentionally and without justification induced Merrill Lynch to breach its contracts with the Plaintiff by claiming to be the trustee of the Michael Trust, failing to acknowledge that Suzie was trustee of the Michael Trust until July 14, 2019, claiming to have authority to act on Suzie's behalf and giving unauthorized directions regarding the Michael Trust Account, the Joint Account, the Merrill Lynch Line of Credit and other accounts owned or controlled by Suzie.

77. Merrill Lynch breached its contracts with the Plaintiff by:

   a. recognizing Sandra as trustee of the Michael Trust and giving her control of the Michael Trust Account;

   b. failing to use reasonable diligence, to know (and retain) the essential facts concerning every customer and concerning the authority of each person acting on behalf of such customer with respect to accounts held by the Michael Trust, Michael, Suzie and the Donna Testamentary Trust;

   c. selling assets held in the Michael Trust Account and using the proceeds to pay the Merrill Lynch Line of Credit;

   d. giving Sandra access to other accounts at Merrill Lynch owned by Suzie and the Donna Testamentary Trust;

   e. permitting Sandra to participate in decisions relating to accounts at Merrill Lynch owned by Suzie and Michael;

   f. requiring Sandra's consent to recognize Suzie as the trustee of the Michael Trust; and

   g. ignoring Suzie's instructions to transfer the Michael Trust Account to Wells Fargo Advisors.

78. Said breaches of Merrill Lynch's contracts were caused by Sandra's wrongful conduct.

13

79. Suzie, the Michael Trust and the Children's Trusts were damaged by Merrill Lynch's breach of its contracts. Such damages include, but are not limited to, the payment of the Merrill Lynch Line of Credit from the assets of the Michael Trust and the delay in Merrill Lynch recognizing Suzie as trustee of the Trust.

80. Suzie, the Michael Trust and the Children's Trusts were also damaged by not having timely access to account statements and tax forms and delays in making investment decisions for the Michael Trust.

81. Suzie, the Michael Trust and the Children's Trusts are entitled to punitive damages from Sandra because her conduct was willful or outrageous due to evil motive or a reckless indifference to the rights of others. Her acts were characterized by wantonness, malice, oppression, willfulness or other circumstances of aggravation.

WHEREFORE, Plaintiff, Suzie B. Wilson, Individually and as Trustee of the Michael J. Wilson Discretionary (GST Exempt) Trust, the Matthew D. Wilson Discretionary (GST Exempt) Trust, the Mitchell G. Wilson Discretionary (GST Exempt) Trust and the Nicole S. Wilson Discretionary (GST Exempt) Trust, prays that this Honorable Court enter judgment in her favor and against Defendant, Sandra L. Norman, for damages to be determined at trial, plus punitive damages and such other and further relief as this Court may deem just and proper.

## COUNT III
**Inducement of Breaches of Fiduciary Duties**

82. Plaintiff realleges Paragraphs 1 through 61 as if fully set out herein.

83. Sandra colluded with Merrill Lynch in committing a breach or breaches of its fiduciary duties to Plaintiff by:

    a. recognizing Sandra as trustee of the Michael Trust and giving her control of the Michael Trust Account;

    b. failing to use reasonable diligence, to know (and retain) the essential facts concerning every customer and concerning the authority of each person acting on behalf of such customer with respect to

        accounts held by the Michael Trust, Michael, Suzie and the Donna Testamentary Trust;

    c.    selling assets held in the Michael Trust Account and using the proceeds to pay the Merrill Lynch Line of Credit;

    d.    giving Sandra access to other accounts at Merrill Lynch owned by Suzie and the Donna Testamentary Trust;

    e.    permitting Sandra to participate in decisions relating to accounts at Merrill Lynch owned by Suzie and Michael;

    f.    requiring Sandra's consent to recognize Suzie as the trustee of the Michael Trust; and

    g.    ignoring Suzie's instructions to transfer the Michael Trust Account to Wells Fargo Advisors.

84. Sandra induced or participated in Merrill Lynch's breaches of its fiduciary duties by claiming to be the trustee of the Michael Trust, failing to acknowledge that Suzie was trustee of the Michael Trust until July 14, 2019, claiming to have authority to act on Suzie's behalf and giving unauthorized directions regarding the Michael Trust Account, the Joint Account, the Merrill Lynch Line of Credit and other accounts owned or controlled by Suzie.

85. Sandra obtained benefits therefrom.

86. Suzie, the Michael Trust and the Children's Trusts were damaged by Merrill Lynch's breach of its fiduciary duties. Such damages include, but are not limited to, the payment of the Merrill Lynch Line of Credit from the assets of the Michael Trust and the delay in Merrill Lynch recognizing Suzie as trustee of the Trust.

87. Suzie, the Michael Trust and the Children's Trusts were also damaged by not having timely access to account statements and tax forms and delays in making investment decisions for the Michael Trust.

88. Suzie, the Michael Trust and the Children's Trusts are entitled to punitive damages from Sandra because her conduct was willful or outrageous due to evil motive

15

or a reckless indifference to the rights of others. Her acts were characterized by wantonness, malice, oppression, willfulness or other circumstances of aggravation.

WHEREFORE, Plaintiff, Suzie B. Wilson, Individually and as Trustee of the Michael J. Wilson Discretionary (GST Exempt) Trust, the Matthew D. Wilson Discretionary (GST Exempt) Trust, the Mitchell G. Wilson Discretionary (GST Exempt) Trust and the Nicole S. Wilson Discretionary (GST Exempt) Trust, prays that this Honorable Court enter judgment in her favor and against Defendant, Sandra L. Norman, for damages to be determined at trial, plus punitive damages and such other and further relief as this Court may deem just and proper.

### Jury Demand

Plaintiff demands trial by jury on all issues eligible for submission to a jury.

Respectfully submitted,

Suzie B. Wilson, Individually and as Trustee of the Michael J. Wilson Discretionary (GST Exempt) Trust, the Matthew D. Wilson Discretionary (GST Exempt) Trust, the Mitchell G. Wilson Discretionary (GST Exempt) Trust and the Nicole S. Wilson Discretionary (GST Exempt) Trust

By:    /s/ Douglas M. Belofsky
        Her attorney

Douglas M. Belofsky (ARDC No. 6193647)
Law Offices of Douglas Belofsky, P.C.
707 Skokie Boulevard
Suite 600
Northbrook, Illinois 60062
Email: douglas@belofsky.com
Telephone: (847) 416-2024
Facsimile: (847) 416-2034